Day, J.
Ou September 23, 1893, the Board of Education of Pleasant Township School District, Hancock County, Ohio, purchased of J. W. Bliler a lot of “Kenedy’s Mathematical Blocks, ’ ’ for the demonstration of lessons in arithmetic in the schools of the district, agreeing to pay therefor $308.00. The board caused the clerk to issue to said Bliler two orders on the treasurer of the board, Nos. 78 and 79, each for $154.00 — payable in September, 1894, and September 1895.
The relators, who are residents and taxpayers in the district, for themselves and others similarly situated and interested, and numerous, brought suit against Freed as treasurer, the Board of Education and Bliler, defendants, and in a petition set out the facts of the purchase of the blocks and the issuing of the orders; say the same was illegal' — -not authorized by any law, and, in addition, was procured by fraud by means of false and fraudulent representations of material facts, misleading the Board of Education into making the purchase. They say the order due and payable in September, 1894, is about to be paid by the treasurer, and pray for an injunction to restrain payment of the orders, on the grounds of their illegality and because procured by fraud. A temporary injunction was allowed. Bliler answers, the Board of Education and Freed make default. Bliler in his answer admits the purchase of the blocks by the board, the price to be paid and the issuing of the orders, all as stated in the petition. Denies the transaction was illegal, and denies all fraud and false representations, and prays judgment in his favor.
*296 The relators demurred, to this answer. The demurrer was overruled, and the relators not wishing to reply or further plead, the court entered judgment on the demurrer, dissolving the injunction and dismissing the petition, and requiring the relators to pay the costs. This action of the court is complained of by the relators, and claimed to be erroneous. They prosecute error, and seek to obtain a reversal of the judgment of the common pleas and an order sustaining the demurrer to Bliler’s answer, and making a perpetual injunction against the payment of the orders by the treasurer of the board.
In the situation of the case, the charge of fraud being-denied and no evidence produced in support of it, it drops out entirely, and leaves a single proposition for the consideration and decision of this court, viz: Was the purchase of the blocks by the Board of Education and the issuing of the orders in payment thereof illegal, and so void.?
The powers of boards of education are limited. They have such authority, only, as is conferred by law, and when they take action outside of the law and against the plain provisions of law, such action is absolutely void. Persons who deal with boards having limited powers only, are held and presumed to know the limits within which such board can lawfully transact business; and they can acquire no rights which are enforcible, by a contract, unless the contract is clearly authorized by law.
The transaction in question was the purchase by the board of education, of “apparatus” for the use of the schools of the township district. There are two sections of the statutes authorizing the purchase of apparatus by boards of education. Section 3987, Rev. Stat., authorizes boards of education ‘ ‘ to build, enlarge, repair and furnish the necessary school houses, purchase or lease sites * * or rent suitable school rooms, provide all the necessary apparatus, and make all other necessary provisions for the schools under its con *297 trol,” etc. In this section there is no limitation in the amount that may properly be expended in any one year for “apparatus.” Section 3995, Rev. Stat., also provides for the purchase of “apparatus” as follows: “The board of education may appropriate money from the contingent fund for the purchase of books, other than school books * * and in the purchase of' philosophical or other apparatus for the demonstration of such branches of education as may be taught in the schools of the district,” etc. Under this section only $37.50 per year can be expended in township districts. It is suggested, but not urged, by counsel for defendant that sec. 3995 is repealed by “An act to provide for the more efficient organization of the common schools in township districts” — known as the Workman law^ — passed March 15, 1892. By this law, section 3987, is amended by inserting the words, ‘ ‘ and provide all necessary apparatus. ’5 This is the only change made in sec. 3987, and, by virtue of the amendment, the word “apparatus” for the first time appears in that section. By the act of March 15, 1892 — the Workman law — section 3995 is not named as being repealed, but there is a general sweeping provision, that all sections or parts of sections of any law, ‘! in conflict with the provisions of this act, to the extent of the conflict are hereby repealed.” The suggestion is that section 3995, on the subject of ‘ ‘ apparatus, ” is in conflict with the amended provisión of section 3987 on the same subject, and hence is repealed by implication. We regard the suggestion as made in a jocular sense. Repeals by implication are not favored, and are not often accomplished in Ohio, and if they were', in this instance, the necessary implication is absent. There is ho conflict in the provisions of the two sections. A careful reading and comparison of their provisions, and noting the connections in -which they occur, makes it plain, we think, that the “apparatus” provided for in section 3987, is the ordinary general apparatus or furnishing, such as seats, heat *298 ing apparatus,1-black-boards, desks, etc., necessary in all school-houses, to completely equip them an.d make them suitable and comfortable for the general purposes for which common schools have' been instituted. Nor was the provision, in my judgment, intended to apply in any case in which the board of education has title to the school building; for in such case, no provision was needed. Authority to furnish the school house is given by the first clause of the section. It would seem, authority to furnish the necessary apparatus, was only intended to apply in a case where the school building 'is owned by a third person and is rented, merely, by the board. In such case, the board is authorized to provide the necessary apparatus; i. e., to furnish rented rooms with seats, desks, heat, bláck-boards, charts, etc.; anything in the way of furniture and appliances necessary to thoroughly equip the school room in-a general sense,so as to make it convenient and fit, in such general sense, to be occupied and used for general' school purposes.
The apparatus provided for in section 8995, is the very opposite of that provided in section 3987; in that the latter is particular and special, while the former is general. The apparatus of section 3995 must be philosophical apparatus, or apparatus for demonstrating branches of education taught in the schools of the district. In either case, it is special apparatus, apparatus for a special purpose, and not a general purpose. If this reasoning is correct, we have in force two independent provisions of law; not in conflict with each other. One providing for one class of apparatus, and the other for another and very different class; and it is obvious that the problem submitted is solved by ascertaining to which class Kenedy’s Mathematical Blocks, for the purchase and payment of which the orders in question were drawn, belong. And this fact is not difficult of ascertainment. Both the petition and answer aver that Kenedy’s Mathematical Blocks are a device (apparatus) intended and *299 used for the demonstration of lessons in arithmetic. We take judicial notice of the fact that arithmetic is one of the branches of education taught in all the common schools of the state including Pleasant township district in Hancock county; and this brings the ‘)Blocks”squarely within the description contained in section 3995, of “An apparatus for the demonstration of such branches of education as may be taught in the schools of the district. ’ ’ They are a special apparatus for the demonstration of a special branch of education. They could not, in a township district, be purchased under the provisions of section 3987, but must be acquired,if at all, under section 3995. ■
E. T. Dunn, for the relators.
B. W. Waltermier for Bliler.
We conclude the contract for the purchase of these blocks and the orders on the treasurer of the school fund for the payment hereof, were in violation of the express provisions of law; were not- authorized by any law, and are void. We find the court below erred in the respects indicated, and for that reason the judgment is reversed; and this court rendering the judgment the common pleas should have rendered; sustains the demurrer to the answer of Bliler; and on the facts which are undisputed, we find for the plaintiffs, the relators, and make the injunction perpetual, as prayed for in the petition. Execution is awarded for costs, and cause remanded for execution.